NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3421

_____

CHRISTOPHER H. WEST,

Appellant

v.

WARDEN JAMES T. VAUGHN CORRECTIONAL CENTER;
ATTORNEY GENERAL OF THE STATE OF DELAWARE

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:14-cv-1513)
District Judge: Honorable Maryellen Noreika

_____

Argued on November 12, 2020

Before: HARDIMAN, SCIRICA, and RENDELL, *Circuit Judges*.

(Opinion Filed:  December 17, 2020)

Nicholas Casamento
Joseph A. Ratasiewicz [Argued]
Casamento & Ratasiewicz
4 West Front Street
Suite 6050
Media, PA 19063
*Counsel for Appellant*

Maria T. Knoll [Argued]
Office of Attorney General of Delaware
Delaware Department of Justice
820 North French Street

Carvel Office Building
Wilmington, DE 19801
*Counsel for Appellees*

_____

OPINION[*]

_____

HARDIMAN, *Circuit Judge*.

Christopher West appeals the District Court's order denying reconsideration of his untimely habeas corpus petition. We will vacate and remand.

I

West pleaded guilty to first and second-degree robbery in Delaware state court. *West v. State*, 2014 WL 4264922, at *1 (Del. Aug. 28, 2014). In 2012, he was sentenced as a habitual offender to twenty-eight years in prison. *Id.*

West filed a petition for writ of habeas corpus in the District Court under 28 U.S.C. § 2254 in December 2014, more than a month after the one-year deadline had passed. West claims he is entitled to equitable tolling because he tried to file a habeas petition "[o]n or about June 18, 2014" but prison officials did not mail it for him. District Ct. Docket No. 24-2 at 2. West alleged that he gave the petition to a corrections official named John Pfleegor, and that someone other than Pfleegor confiscated and destroyed the document without West's knowledge. West did not check his petition's status until after

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

the November 3, 2014 deadline because he was held in an isolated cell under "psychological close observation" from June 9 to November 10. Although West usually was deprived of writing tools because he had swallowed sharp objects, West alleged that the prison made a special arrangement for him to draft the June 2014 petition in a closely supervised setting.

Consideration of West's petition was complicated by the fact that his case was handled by two judges of the District Court. Judge Gregory Sleet, who initially presided, rejected West's arguments for equitable tolling and denied his petition as untimely. Thereafter, West obtained evidence that included housing records and depositions by prison officials from another lawsuit stating that West was kept in isolation—without access to writing materials—from June 9 to November 10, 2014. Based on this evidence, West sought reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. In that motion, counsel emphasized West's lack of access to writing materials. Meanwhile, West filed an affidavit on his own initiative reiterating the allegation that he had tried to file a habeas petition in June 2014.

West's motion for reconsideration was assigned to Judge Maryellen Noreika, who inherited the case after Judge Sleet retired. Judge Noreika denied the motion. After rejecting West's arguments under Rules 60(b)(1) and (2)—rulings West does not challenge—she denied him relief under Rule 60(b)(6) because she found that no "extraordinary circumstance" prevented West from filing a timely petition. As relevant here, Judge Noreika found it contradictory for West to claim both that he believed the

3

June 2014 petition was filed and that the petition was later confiscated and destroyed. She stated that if West "believed his June 2014 petition was 'confiscated and destroyed,' he could have asked for another opportunity to draft a petition under 'special conditions.'" *West v. Metzer*, 2019 WL 4722531, at \*5 (D. Del. Sept. 26, 2019). West filed this timely appeal.

II[1]

Our review of the record leads us to conclude that the District Court relied on a clearly erroneous interpretation of West's allegation about the June 2014 habeas petition. As indicated previously, the District Court's review of the case was complicated by its assignment to different judges. Lost in that shuffle were three critical allegations: West tried to submit a timely petition and pay the filing fee; prison officials destroyed the petition instead of mailing it; and West did not learn his petition had not been filed until after the habeas deadline because he had been held in isolation. As the Government rightly conceded at oral argument, if those facts are true, West described an extraordinary circumstance supporting equitable tolling.

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review the District Court's denial of West's Rule 60(b)(6) motion for abuse of discretion. *Satterfield v. Dist. Att'y of Phila.*, 872 F.3d 152, 158 (3d Cir. 2017). "A district court abuses its discretion when it bases its decision upon a clearly erroneous finding of fact, an erroneous conclusion of law, or an improper application of law to fact." *Id.* (quoting *Cox v. Horn*, 757 F.3d 113, 118 (3d Cir. 2014)).

4

The District Court erred by assuming that West learned of the June petition's fate before the habeas deadline. If West delivered the petition to prison personnel for filing, they could have failed to mail the petition and destroyed it without his knowledge. And because West was held in isolation, he may have been prevented from learning that his petition was not filed until he was released from isolation soon after the filing deadline had passed.

The Government argues that West forfeited his argument about the June 2014 petition because his counsel did not press it in his motion for reconsideration. This contention might be persuasive but for the fact that the District Court relied heavily on West's statements about the June 2014 petition to deny his motion. Because the District Court considered the allegation, it is subject to our review on appeal. *See United States v. Washington*, 869 F.3d 193, 208 n.53 (3d Cir. 2017).

Citing Judge Sleet's opinion, the Government contends that West has no evidence to support his claim that he attempted to file a petition on time. But West made the claim in multiple affidavits and alleged that there is a prison record of his attempt to pay the filing fee. He tried to obtain the fee record and depose John Pfleegor, but Judge Sleet denied his discovery motions. West's allegation about the June 2014 petition is specific, internally consistent, and worthy of renewed consideration at the Rule 60(b)(6) stage.

\* \* \*

The District Court clearly erred when it denied West's Rule 60(b)(6) motion on the invalid premise that he should have known before the habeas deadline that no petition

5

was filed in June 2014. For that reason, we will vacate and remand so the District Court can determine whether West attempted to file a (timely) habeas petition in June 2014 such that equitable tolling might be appropriate.